**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**STEVEN C. MOORE,**

    **Defendant.**

Case Nos. 2:16-cr-170
2:19-cr-214
Judge Edmund A. Sargus, Jr.

**ORDER**

The matter before the Court is Defendant Steven C. Moore's ("Defendant") Motion for Reconsideration (ECF No. 74).[1] On April 6, 2020, this Court denied Defendant's motion for bond (ECF No. 73). Defendant now moves the Court to reconsider that Order (ECF No. 74). The Government filed a response in opposition (ECF No. 75). For the following reasons, Defendant's motion (Case No. 2:16-cr-170 ECF No. 74; Case No. 2:19-cr-214, ECF No. 24) is **DENIED**.

**I.**

On April 6, 2020, this Court, in accordance with 18 U.S.C. § 3142(f) and § 3142(e), denied Defendant's motion for bond. (ECF No. 73.) The Court considered the offense's nature and circumstances, the weight of the evidence against Defendant, Defendant's history and characteristics, and the nature and seriousness of the danger to the community the Defendant's release would pose. (*See id.*) The Court also acknowledged that while COVID-19 creates a generalized risk, Defendant did not claim any special risk. (*Id.* at 5.) The Court concluded that

---

[1] The instant matter involves two related criminal offenses which resulted in two sperate cases, 2:16-cr-170 and 2:19-cr-214. On October 22, 2019, the Court found that both cases are related and transferred them to the undersigned's docket. (ECF No. 5, Case No. 2:19-CR-214). Hereinafter, all citations will refer to Case Number 2:16-cr-170, unless otherwise stated.

"although COVID-19 poses a significant risk to all persons, Defendant still poses a risk to the public that requires his continued detention." (*Id.* at 7.)

## II.

Defendant now asks the Court to reconsider its Order. Defendant argues there are conditions of release which would reasonably assure his appearance and the safety of the community. (ECF No. 74 (citing 18 U.S.C. § 3142(f)).) Defendant contends home confinement with electronic monitoring and specific instructions only to leave the house for health, medical, and substance abuse treatment, as approved by his pretrial services or probation officer, achieve the desired result. (*Id.*)

Defendant also argues there is a compelling reason for his release. (*Id.* (citing 18 U.S.C. § 3142(i)).) Defendant argues that his underlying health conditions and the conditions at the Franklin County Corrections Center II ("FCCCII") make it more likely he will contract COVID-19 and be subject to hospitalization or death. (*Id.*) Additionally, Defendant argues that his constitutional rights are being violated as he potentially faces death while incarcerated and is prevented from adequately conferring with his counsel to prepare for his defense. (*Id.*)

The Government argues the facts that initially justified keeping Defendant detained remain true. (ECF No. 75.) The Government contends that nothing about the COVID-19 pandemic changes the defendant's propensity to commit violent acts while on supervised release. (*Id.*) The Government also notes that Defendant's motion ignores the comprehensive precautionary measures that jails and prisons have taken to prevent the transmission of COVID-19. (*Id.*) Finally, the Government argues that if the facts in this motion justify Defendant's release than nearly all other detainees would also be subject to release, which would certainly jeopardize the community rather than promoting its health and safety. (*Id.*) The Government's arguments are well-taken.

The facts the Court previously used to determine whether there is a combination of conditions which would reasonably assure the appearance of Defendant and the safety of the community have not changed. The Court previously acknowledged that "COVID-19 has created a global pandemic which poses significant health risks to every individual." (ECF No. 73.) The Court stated that while the virus creates a generalized risk, Defendant had not claimed a special risk. Defendant now argues that his underlying health concerns combined with the conditions at FCCCII create a special risk. As the Government points out, however, Defendant has not been diagnosed with the virus and thus, his concerns are somewhat speculative.

Even assuming Defendant is at a higher risk of contracting the virus due to his underlying health conditions and the conditions in FCCCII, this does not outweigh all the other factors in § 3142(g). This Court previously noted that Defendant has committed four separate violations of his supervised release, engaging in conduct which included: being indicted on state charges relating to the possession of drugs, concealing a firearm, having a weapon on disability, and forgery; testing positive for drugs and being terminated from his drug treatment program; and being indicted on new federal charges. (ECF No. 73.) This Court also noted Defendant was found by both a state grand jury and a federal grand jury to have committed criminal behavior. Additionally, Defendant absconded from his state charges where he remained at large for five months. The Court noted this conduct evidenced both Defendant's dangerousness and non-compliance. Finally, the Court concluded that Defendant's behavior evidenced a disregard for the law and an apparent ability to easily obtain firearms. These facts established Defendant's release would present a serious danger to the community. All of these facts remain true.

In conclusion, nothing has changed in the Court's analysis that releasing Defendant poses a significant danger to the community. The motion is DENIED.

### III.

In sum, Defendant's motion for reconsideration (Case No. 2:16-cr-170 ECF No. 74; Case No. 2:19-cr-214, ECF No. 24) is **DENIED**.

**IT IS SO ORDERED.**

**5/5/2020**           **s/Edmund A. Sargus, Jr.**
**DATE**                **EDMUND A. SARGUS, JR.**
                        **UNITED STATES DISTRICT JUDGE**